UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-106-FDW

| ERIC FLORES, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES ATTORNEY | ) |
| GENERAL, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on a review of Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and an initial review of Plaintiff's pro se complaint. (Doc. No. 1).[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

Under 28 U.S.C. § 1915(e)(2), the district court must dismiss a case when the action is frivolous or malicious, fails to state a cognizable claim for relief or seeks monetary damages from a defendant who enjoys immunity from such relief. § 1915(e)(2)(B)(i)(ii) & (iii). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller

---

[1] The Court has examined Plaintiff's motion to proceed *in forma pauperis* and finds that based on the evidence contained therein, Plaintiff does not have sufficient resources from which to prepay the costs of the filing fee in this matter, and the motion will therefore be granted.

1

v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court first notes that the allegations in Plaintiff's complaint are wholly frivolous and must be dismissed. Throughout the sprawling, repetitive complaint, covering well over 100-pages, Plaintiff raises vague allegations against the United States Attorney General, the United States Department of Health and Human Services, and Sierra Medical Center. Plaintiff purports to bring his complaint, which he contends is under the Federal Tort Claims Act, on behalf of himself and family members who are both living and dead. In one recurring allegation, Plaintiff contend that the United States Attorney General, through

> its agents, officer, employees, or agencies are using advanced technology with a direct signal to the satellite in outerspace that has the capability of [calculating] a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

(Doc. No. 1 at 8-10).

Petitioner expands the reach of his complaint to include allegations that "diplomatic persons of another nation" have joined in the fray by soliciting "an organized group of executive employees of the federal government that are persons of white American national origin whom reside in the geographic location of North Carolina to use advanced technology" that employs this dread satellite signal to damage the various genetic codes of the proposed plaintiffs. (Id. at 15) (emphasis in original).

The Court further notes that Plaintiff has embarked on a nationwide campaign by filing complaints which appear to contain the same allegations as in the present case. An overview of

what appears to be a fraction of these complaints is detailed by the District Court of New Hampshire:

> Since 2010, plaintiff has filed dozens of lawsuits all over the country, alleging claims substantially the same as those in this action, including appealed to the First Circuit from the United States District Courts in Maine and Massachusetts. See, e.g., Flores v. Holder, Nos. 13-8003 and 12-2479 (1st Cir. Feb. 19, 2013) (affirming Flores v. U.S. Atty. Gen'l, No. 2:13-cv-00007-DBH (D. Me. Jan. 29, 2013), and Flores v. U.S. Atty. Gen'l, No. 4:12-cv-40154-TSH (D. Mass. Nov. 20, 2012)); Flores v. U.S. Atty. Gen'l, No. 2:13-cv-0053-DBH (D. Me. Feb. 15, 2013); Flores v. U.S. Dep't of Health and Human Servs., No. 2:12-cv-00189-DBH (D. Me. June 14, 2012).
>
> The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court. See Flores v. Holder, 132 S. Ct. 2397 (2012) (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country have dismissed Flores's complaints as frivolous. See e.g., Flores v. U.S. Atty. Gen'l, NO. 2:13-cv-0053-DBH, 2013 WL 1122719, [at] *2 (D. Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), report and recommendation adopted by 2013 WL 1122635 (D. Me. Mar. 18, 2013).

Eric Flores v. United States Attorney General, et al., No. 03-13-cv-01270-HZ (D. Or. Aug. 2, 2013) (quoting Flores v. U.S. Atty Gen'l, No. 13-cv-1-SM, 2013 WL 3190573, at *2 (D.N.H. June 20, 2013)).

The Court finds that Plaintiff's complaint should be dismissed in the present case, and for the same reasons that it has dismissed by courts across this country. In sum, Plaintiff's allegations are truly delusional and his effort in this district, and in district courts on a nationwide basis, represents a clear strain on the scarce judicial resources that the federal courts endeavor to employ on a daily basis. Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim. § 1915(e)(B)(i), (ii).

**IT IS, THEREFORE**, **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** as frivolous and for failure to state a claim. (Doc. No. 1).

2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

3. Plaintiff's motion to transfer Multidistrict Litigation to the District of Columbia is **DENIED**. (Doc. No. 4).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 9, 2013

Frank D. Whitney
Chief United States District Judge